## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JAMES SCHUBIGER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:14-cv-586** |
| | § | |
| | § | |
| **VOITH INDUSTRIAL SERVICES, INC.,** | § | |
| **Defendant.** | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, James Schubiger, Plaintiff, and files this original complaint against Voith Industrial Services, Inc. (hereinafter "Voith" and "Defendant"), and would respectfully show the Court as follows:

### I.  PARTIES

1.      Plaintiff is an individual currently residing in Gregg County, Texas.

2.      Defendant Voith Industrial Services, Inc. is a foreign for-profit corporation doing business in Denton, Denton County, Texas and may be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### II. JURISDICTION

3.      Jurisdiction is founded on federal question, specifically, 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended, and 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

4.      All prerequisites to filing suit have been met.

### III. FACTS

5.      Plaintiff was employed by Voith Industrial Services and its predecessor for approximately eleven (11) years.  Defendant is an in-house contractor at the Peterbilt plant located in Denton, Denton County, Texas.

6.      Plaintiff began working there on or about September 16, 2002.  On or about August 15, 2013, he was discharged.  At the time of his discharge, he was a Lead Service Line Manager.

7.      In June 2013, Plaintiff received a write-up and three-day suspension with pay for performance issues.  His supervisor, Bill Lassiter, the facility manager, assured him on his return that his job was not in jeopardy.

8.      On August 6, 2013, he received an "informal warning" from his supervisor, Bill Lassiter, following a complaint reportedly made by a Native American employee, Robert Kaulay, regarding the chant "hey, ya, ya, ya" being directed toward him.

9.      Mr. Kaulay's complaint regarding Plaintiff's alleged use of  "hey, ya, ya, ya" came following an employee meeting on August 5, 2013 in which Mr. Kaulay persistently argued about the company overtime policy as it was applied.  At the time, Plaintiff told Mr. Kaulay that the meeting was not the forum for discussing pay issues.  Plaintiff did not chant "hey, ya, ya, ya" in the meeting.

10.     Voith had knowingly allowed and condoned employees referring to Mr. Kaulay as "Chief" for approximately three years, since Mr. Kaulay first began working at Voith.  Mr. Kaulay seemed to have no problem with it, often laughing and smiling over it.  Indeed, he seemed to have adopted it as his nickname.

11.     This epithet and the chant were used by both hourly and management employees.

12.    Plaintiff was made aware of Voith's apparent position on this by observing his former supervisor, Leon Cronk, then the facility manager, use the term "Chief" to refer to Mr. Kaulay.  In fact, Mr. Kaulay was regularly referred to as "Chief" over the public address system when he was paged.

13.    Mr. Kaulay never made any objections to Plaintiff about being referred to as "Chief" by anyone or to people chanting "hey, ya, ya, ya" in his presence.

14.    On or about August 15, 2013, Dan Westerfield, Voith's regional manager, and Mr. Lassiter, facility manager and Plaintiff's supervisor, discharged Plaintiff for violating Voith's policy for "racial slurs" based on the same alleged incident for which he had previously been counseled on August 6, 2013.

15.    However, Voith had a habit and practice of <u>not</u> terminating employees who violated this policy, even repeat violators.

16.    In August 2011, Enrique Carrillo (approximately 42 years of age, Hispanic) and Armando Lerma (Hispanic) were reported for making inappropriate comments in Spanish regarding an African-American employee, Derrick Smith.  Mr. Carrillo and Mr. Lerma were reportedly calling the employee a "lazy nigger" and making jokes about African-Americans in Spanish because they thought Mr. Smith would not know what they was saying.  Both were verbally counseled by Plaintiff under the direction of his then-supervisor, Leon Cronk, regarding the unacceptability of racial harassment of another employee.  They were told the behavior would not be condoned and what the repercussions would be if the behavior did not end.

17.    In July 2012, Mr. Smith made a formal report of the incident and the resumption of the harassing behavior to Voith's human resources department.  Voith ordered both men be counseled

again and that Mr. Lerma receive a three-day suspension related to the incident and a written warning.

18.     Upon information and belief, Mr. Smith subsequently filed a complaint with the U.S. Equal Employment Opportunity Commission.  Plaintiff was asked to provide an account of the incidents to Voith's attorney in or about April 2013.

19.     At the time of his discharge, Plaintiff was earning approximately $1,912.03 per biweekly pay period plus benefits and bonuses.

20.     Plaintiff contends Defendant Voith, his employer, discriminated against him on the basis of age (59 years of age) and race (white) and ethnicity.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

### Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

21.     A.     Plaintiff alleges he was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff (59 years of age) from discrimination on the basis of age.

22.     B.     Plaintiff claims all relief, legal and equitable that effectuate his rights under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

23.     C.     Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

24.     D.      On or about January 31, 2014, Plaintiff filed a written complaint with the U.S. Equal

Employment Opportunity Commission. On August 29, 2014, he received the Notice of Right to Sue

from the U.S. Equal Employment Opportunity Commission, which was dated August 27, 2014.

25.     In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

## Violations of  42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended

26.     A.      Plaintiff alleges that he was discharged in violation of violation of 42 U.S.C.A.

§2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff from

discrimination in the workplace based on his race (white) and ethnicity.

27.     B.      Plaintiff claims all relief, legal and equitable, that effectuate his rights under 42

U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

28.     C.      Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e,

e*t seq*. (Unlawful Employment Practices), as amended.

29.     D.      On or about January 31, 2014, Plaintiff filed a written complaint with the U.S. Equal

Employment Opportunity Commission. On August 29, 2014, he received the Notice of Right to Sue

from the U.S. Equal Employment Opportunity Commission, which was dated August 27, 2014.

## V.  DAMAGES

30.     Plaintiff would show that he has sustained damages within the jurisdictional limits of the

Court as a proximate cause of Defendant's wrongful conduct.  Plaintiff claims all relief at law and in

equity pursuant to 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended and

29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

## VI. ATTORNEY'S FEES

31.     Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

32.     Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)
**ATTORNEY FOR PLAINTIFF**